PORT JOHNSTON TOWING CO. v. PENNSYLVANIA R. CO.

(District Court, S. D. New York. May 8, 1911.)

SHIPPING (§ 39*)—CHARTER—CONSTRUCTION—INSURANCE.

A time charter party for a tug, which provided that the charterer should save the owners harmless from all claims for injuries done by the tug to other vessels, persons, or property through the negligence of the officers or crew, contained a further provision that, "in case of any liability on the part of the charterer to the owners for any damage covered by insurance effected by or for the benefit of said owners, the charterer shall have the benefit of said insurance." *Held*, that such provision did not impose any obligation on the owners to maintain insurance in force for the benefit of the charterer.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 39.*]

In Admiralty. Suit by the Port Johnston Towing Company against the Pennsylvania Railroad Company. Decree for libelant.

James J. Macklin, for libelant.
Burlingham, Montgomery & Beecher (G. H. Robinson and William S. Montgomery, of counsel), for respondent.

HOLT, District Judge. This action is brought to recover from the respondent the amount of a judgment which the libelant was obliged to pay because of the alleged negligence of the respondent. The libelant owns the steamtug Wilkesbarre, and on June 18, 1907, chartered her to the respondent for a period of not less than 30 days, with the option to either party to terminate the charter on 2 days notice. The charter provided that the respondent was to save the libelant at all times harmless from all claims for injuries done by the tug to other vessels, persons, or property through any negligence of the officers or crew of the tug. On September 13, 1907, the tug Wilkesbarre was towing the coal boat Flagler, and ran the Flagler upon certain rocks, doing damage to the boat. A libel was subsequently filed by the owner of the Flagler against the Wilkesbarre. The libelant gave notice to the respondent to come in and defend. The case was tried, and a judgment rendered against the Wilkesbarre for $760.57. That judgment has been satisfied by the libelant, and this suit is brought to recover the amount.

The respondent's answer substantially admits the allegations of the libel, but sets up as a defense that the charter party represented that the tug was insured; that the charterer, in case of any liability,

---

should have the benefit of the insurance; and that the libelant did not keep the insurance in force. The provision of the charter party upon this subject was as follows:

"It is further agreed that, in case of any liability on the part of the charterer to the owners for any damage covered by the insurance effected by or for the benefit of said owners the charterer shall have the benefit of said insurance," etc.

There was insurance on the tug, at the time of the charter, which had been effected by the libelant for its own benefit, in the sum of $4,750, covering damages to tows of the tug occasioned by stranding. The policy contained the following provision:

"The interest of the insured in this policy or any part thereof is not assignable except with the consent of this company in writing, and in case of any transfer or termination, or of any change in the nature of the insurable interest of the insured, either by sale or otherwise without such consent, this policy shall thereupon at once be void and of no effect."

As I understand the argument for the respondent, it is claimed that under this provision in the policy the execution of the charter party effected such a change in the nature of the interest of the insured as to make the policy void, and that it was the duty of the libelant either to procure the assent of the insurance company to having the policy attach in favor of the charterer, or to notify the charterer that the policy had lapsed. The injury to the Flagler occurred on September 13, 1907. On September 18, 1907, the respondent served a notice releasing the Wilkesbarre from the charter, and on the same day the libelant gave notice to the agents of the insurers cancelling the tower's liability policy covering the vessel. Upon these facts, I do not see why the libelant, as owner of the tug, did not retain an insurable interest in her after the charter party was executed. The tug was liable to be proceeded against in rem at any time for the negligence of the charterer in navigating the tug. All parties seem to have assumed that until the formal cancellation of the policy on September 18th the policy remained in full force. If the execution of the charter party terminated the insurance, either party could take out new insurance, and probably the insurance company, upon proper application, would have continued the policy in force. Assuming, however, that the policy had ceased to be operative before the accident, the question is whether the libelant was under any liability for that fact. The respondent's counsel argues that it was the duty of the respondent either to have obtained the consent of the insurance company to have the policy attach in favor of the charterer, or to have notified the charterer that the policy had ceased to attach. In the first place, all the parties seem to have assumed that the policy was still in force. In the next place, I cannot see that it was the duty of the libelant, after the charter party was executed, and the tug taken into the possession of the respondent, to take any steps to protect the rights of the respondent under the policy of insurance. If the consent of the insurance company was necessary to have the policy continue in force, I think that it was the duty of the charterer to see to it that that consent was obtained. If that consent could

not be obtained, then it was the duty of the charterer to take out insurance for its own protection. I cannot see that it was the duty of the libelant, under this charter party, to continue the existing insurance or to obtain new insurance for the protection of the charterer. The language of the provision in the charter relied on simply amounted to an agreement by the libelant that whatever rights against the insurance company it should have, if any, in case of injury to a tow would inure to the benefit of the charterer. I do not consider the provision as imposing an obligation on the libelant to keep insurance in force for the benefit of the charterer.

My conclusion, therefore, is that the libelant is entitled to recover the amount demanded in the libel, with costs.